**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. MJM-21-0120 |
| **DONTE HERRING** | * | |

### DEFENDANT DONTE HERRING'S MOTION TO SEVER HIS TRIAL FROM CO-DEFENDANT XAVIER JONES AND REQUEST FOR HEARING

Defendant Donte Herring, by and through undersigned counsel, David Walsh-Little, respectfully moves pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution to proceed to trial separately from co-defendant Xavier Jones, and in support thereof, the defendant states as follows:

### PROCEDURAL HISTORY

On or about December 23, 2020, Donte Herring was arrested and originally charged in the Circuit Court for Baltimore County with multiple counts of armed robbery and related charges. These matters were later dismissed when Mr. Herring was charged in federal court. Mr. Herring has been continuously detained since his arrest.

On April 22, 2021, Mr. Herring was charged by indictment in this court with two counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and with two counts of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c). The first charged crime was a robbery of a Verizon store alleged to have occurred on December 17, 2020. The second charged crime was a robbery of an AT&T store alleged to have occurred on December 23, 2020.

Co-defendants Xavier Jones and Rico Dashiell were similarly charged. Mr. Dashiell has since entered a plea of guilty in this matter (ECF No. 80) and was sentenced on September 7, 2023. ECF No. 82.

On April 13, 2022, an order was issued scheduling the trial for Mr. Herring and Mr. Jones for March 6, 2023. ECF No. 64. Pretrial motions were conducted on September 23, 2022. ECF No. 89. On February 6, 2023, Mr. Jones filed a motion to continue the then scheduled trial date. ECF No. 99. This motion was denied. ECF NO. 106. At Mr. Jones' request, an attorney inquiry hearing was conducted on February 23, 2023 at which point new counsel for Mr. Jones' was determined to be necessary. Present counsel for Mr. Jones was appointed on March 6, 2023. ECF No. 125. A pretrial conference in this matter is presently scheduled for January 19, 2024 and trial is presently scheduled to begin on February 26, 2024. ECF No. 137.

On October 24, 2023, the Government filed a Superseding Indictment adding new counts against only Mr. Jones. Counts One and Three allege that Xavier Jones committed two additional Hobbs Act robberies, the first at a Verizon store in College Park, Maryland, on October 23, 2020, and the second at a Verizon store in Columbia, Maryland on December 8, 2020. Counts Two and Four allege that Mr. Jones brandished a firearm during these crimes of violence.

## LEGAL STANDARD

Rule 14 of the Federal Rules of Criminal Procedure affords district courts the discretion to order severance when appropriate. Rule 14(a) states, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." There is a presumption that co-defendants … are

2

to be tried together. See *Zafro v. United States*, 506 U.S. 534, 537-38 (1993). Severance though is required when "there is a serious risk that a joint trial would prevent the jury from making a reliable judgement about guilt or innocence. *Zafro*, 506 U.S. at 539. The party moving for severance must show actual prejudice will result from a joint trial. *United States. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) citing *United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992) *cert denied* 505 U.S. 1228 (1992).

The Supreme Court in *Schaffer v. United States*, 362 U.S. 511 (1960) stated, "We do emphasize, however that … the trial judge has a continuing duty at all stages of the trial to grant severance if prejudice does appear." *Id.*, at 516. Such analysis is fact specific to each case. "Whether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct." *Peterson v. United States,* 344 F.2d 419, 422 (5th Cir. 1965).

**ARGUMENT**

The additional charges brought against only Mr. Jones in the Superseding Indictment concern the robbery of commercial establishments of the exact type that Mr. Herring is defending against in his cases. In those two alleged robberies, Mr. Jones is a co-defendant. Trying all four robberies together amounts to an unfair blow to Mr. Herring's defense in this matter. The spillover effect of the evidence from the October 23, 2020 and December 8, 2020 robberies (for which Mr. Herring is not charged) amounts to clear prejudice to Mr. Herring's defense to the December 17, 2020 and December 23, robberies. *United States v. Blair*, 661 F.3d 775, 770 (4th Cir. 2011) (*citing United States v. Cardwell*, 433 F.3d 378, 387-388 (4th Cir. 2005)

(Reversal if joint trial pursuant to Rule 14 is required if defendant establishes clear prejudice from the joinder of offenses.)

In each of the robberies that Mr. Herring is defending, the Government's evidence involves multiple young men, alleged to include Mr. Herring and Mr. Jones, entering a commercial phone establishment wearing masks and armed with firearms. In each case, the robbers involved accost the employees of the store and at gunpoint, steal United States currency and merchandise. In the two robberies that only Mr. Jones is charged with, the facts are almost identical. In both cases, each relatively close in time and location to the robberies described above, two young men with masks, enter a Verizon phone store and at gunpoint steal money and merchandise from Verizon. *See Exhibit No. 1 (Still shot of College Park Robbery) and Exhibit No. 2 (Still shot of Columbia Robbery).*

Allowing a joint trial to proceed in this matter, would necessarily mean evidence only offered against Mr. Jones to be heard and evaluated by the jury assessing whether the Government can prove its case against Mr. Herring. Given the similarity of the four robberies, the relative proximity of the crimes in time and geography, and that the stand alone charges against Mr. Jones involve two individuals committing the robberies, the spillover prejudicial effect to Mr. Herring's defense is overwhelming.

A limiting instruction given by the Court is simply insufficient to address this prejudice to Mr. Herring in this matter. Mr. Jones is charged with four robberies. Mr. Herring is charged with two. Yet, in the two robberies only charging Mr. Jones, there is an unidentified codefendant in both robberies. Given that Mr. Herring is charged in this very role in the other two robberies with Mr. Jones, in all likelihood, even with an instruction, the jury will not be able to separate out the evidence against the two defendants. The very real possibility that a juror would wrongly

conclude that Mr. Herring is guilty of the crimes to which he is charged because he was possibly the person involved in the other uncharged crimes require that Mr. Herring be tried separately from Mr. Jones.  Severance is appropriate in this case.

WHEREFORE, Donte Herring requests that this Court sever their case from his co-defendant on the grounds alleged herein and any other basis that may become apparent upon a hearing on this motion.

Respectfully submitted

/s/
DAVID WALSH-LITTLE, #23586
The Law Office of David Walsh-Little, LLC
1014 West 36th Street
Baltimore, Md 21211
Tel: 1.410.205.9337
Fax: 1.667.401.2414
Email: david@walshlittlelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion was sent to all parties via CM/ECF.

/s/
DAVID WALSH-LITTLE, #23586