IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Crim. No.: MJM-21-120 |
| | * | |
| DONTE ANTWAUN HERRING, | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Currently pending are defendant Donte Antwaun Herring's Motion for Judgement of Acquittal Pursuant to Rule 29 and for a New Trial Pursuant to Rule 33 (ECF 193) and Supplemental Motion for Judgement of Acquittal Pursuant to Rule 29 and for a New Trial Pursuant to Rule 33 (ECF 198). The government opposed the motions (ECF 203). No hearing is necessary. Loc. R. 105.6 & 207.1 (D. Md. 2023). For reasons stated herein, Herring's motions are DENIED.

I.   BACKGROUND

The Second Superseding Indictment charged Herring with two counts of interference with commerce by robbery, in violation of the Hobbs Act; and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF 153. Specifically, the Second Superseding Indictment alleged Herring's commission of, and brandishing of a firearm during, two armed robberies of retail stores in Maryland in December 2020: (1) a Russell Cellular Verizon store in Halethorpe, Maryland on December 17, 2020 (Counts

1

Five and Six); and (2) an AT&T store in Owings Mills, Maryland on December 23, 2020 (Counts Seven and Eight).[1]

The matter proceeded to a five-day jury trial. Herring made an oral motion for a judgment of acquittal after the government rested its case and renewed the motion when the defense rested. Specifically, Herring challenged the sufficiency of the government's evidence in support of the commerce element of the Hobbs Act charges, which was also necessary to sustain the § 924(c) charges. The Court denied the motion for reasons explained on the record. The jury returned guilty verdicts against Herring on all four counts.

Thereafter, Herring filed the instant Motion and Supplemental Motion pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure requesting a judgment of acquittal and a new trial. In his Motion, Herring "challenges all of his convictions on the grounds that the verdict was unsupported by sufficient evidence[]" and "that the evidence failed to comply with the standard of beyond a reasonable doubt." ECF 193 at 1. He "asserts that for all his convictions, the verdict was against the weight of the evidence and that in the interest of justice the verdicts should be vacated and a new trial should be ordered." *Id.* at 2. The only specific challenge to the sufficiency of the evidence supporting the verdicts comes in his Supplemental Motion, wherein he contends that the government failed to prove "that either of the two robberies at issue in the case obstructed, delayed, or effected interstate commerce." ECF 198 at 1.

---

[1] Counts Five and Seven charged interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); and Counts Six and Eight charged brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Aiding and abetting in violation 18 U.S.C. § 2 was also alleged in connection with each count. The counts were renumbered from One through Four for purposes of jury instructions and the verdict sheet. *See* ECF 189 (jury verdict).

## II. APPLICABLE LAW

Rule 29 of the Federal Rules of Criminal Procedure provides that a defendant may renew a motion for a judgment of acquittal after a guilty verdict. Fed. R. Crim. P. 29(c)(1). Rule 33 provides that, upon a defendant's motion, "the court may . . . grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

When a motion for acquittal challenges the sufficiency of trial evidence, the court must determine "whether there is 'substantial evidence . . . to support the jury verdict . . . .'" *United States v. Tillmon*, 954 F.3d 628, 637 (4th Cir. 2019) (quoting *United States v. Samad*, 754 F.2d 1091, 1096 (4th Cir. 1984)). "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Davis*, 75 F.4th 428, 437 (4th Cir. 2023) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). "A defendant challenging the sufficiency of the evidence 'bears a heavy burden.'" *Tillmon*, 954 F.3d at 637 (quoting *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997)). For the defendant to prevail, "the record must demonstrate a lack of evidence from which a jury could find guilt beyond a reasonable doubt . . . ." *Id.* (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996)). The record is to be viewed "in the light 'most favorable to the prosecution . . . .'" *Davis*, 75 F.4th at 437 (quoting *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003)).

The Hobbs Act is violated by a person who "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . . ." 18 U.S.C. § 1951(a). Thus, a Hobbs Act offense consists of: "(1) robbery or extortion, and (2)

3

interference with commerce." *United States v. Taylor*, 754 F.3d 217, 222 (4th Cir. 2014), *aff'd*, 579 U.S. 301 (2016) (quoting *United States v. Tillery*, 702 F.3d 170, 174 (4th Cir. 2012)).

> The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S.C. § 1951(b)(3).

The U.S. Supreme Court and U.S. Court of Appeals for the Fourth Circuit have recognized that "the Hobbs Act 'speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce. . . .'" *Taylor*, 754 F.3d at 222 (quoting *Stirone v. United States,* 361 U.S. 212, 215 (1960)). Thus, to prove a violation of the Act, the government need only establish "a 'minimal' effect on interstate commerce." *Id.* (citation omitted). For example, "[a] robbery has a 'minimal effect' on interstate commerce when it depletes the assets of an 'inherently economic enterprise.'" *Tillery*, 702 F.3d at 174 (citation omitted). The impact on interstate commerce "may be so minor as to be *de minimis*, . . . and may be demonstrated by 'proof of probabilities[.]'" *Taylor*, 754 F.3d at 222 (citations omitted). The government need not "prove that the 'defendant intended to affect commerce or that the effect on commerce was certain; it is enough that such an effect was the natural, probable consequence of the defendant's actions.'" *Id.* (citation omitted). In sum, the requisite effect on commerce "is not difficult to show." *Id.*

A person who uses or carries, and brandishes, a firearm "during and in relation to any crime of violence . . . for which the person may be prosecuted" in federal court violates 18 U.S.C. §

924(c)(1)(A)(ii). A Hobbs Act robbery is such a crime of violence under § 924(c). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

### III. DISCUSSION

Viewing the trial evidence in the light most favorable to the prosecution, the Court finds that the jury's guilty verdicts were supported by substantial evidence. Security video footage and still images, testimony from witnesses with personal knowledge, and documentary evidence presented at trial established that two masked individuals carried and brandished handguns to commit a robbery of the Russell Cellular store in Halethorpe, Maryland on December 17, 2020, and three masked individuals carried and brandished handguns to commit a robbery of the AT&T store in Owings Mills, Maryland on December 23, 2020. Merchandise and cash were stolen during both robberies. Substantial evidence was presented at trial linking Herring to both robberies, including recovered items of clothing, cell phones, firearms, and other physical evidence and photos of physical evidence; aerial video footage captured by law enforcement; cell site and global positioning system ("GPS") location data; photos and text messages obtained from Herring's cell phone and associated metadata captured in and around the dates of the robberies; and photos obtained from co-defendant Xavier Jones's cloud storage account. A reasonable juror could accept the trial evidence as sufficient in its totality to support a conclusion that Herring committed the two armed robberies, as alleged.

The evidence presented at trial was also sufficient to satisfy the commerce element of each of the charged Hobbs Act robberies. As to the robbery of Russell Cellular on December 17, 2020, the commerce element was supported by the testimony of two Russell Cellular employees, Kristy Acquistapace and Evan Townes, and various exhibits. Townes was an employee of Russell Cellular's Halethorpe location; his duties included making sales of various electronic devices,

5

including cellular phones, tablets, and watches. Transcript, February 27, 2024, (hereinafter, "Tr.") at 9:23–10:6. He worked in the store during the robbery on December 17, 2020, and testified that two masked individuals robbed the store at gunpoint, took electronic devices from a safe, placed the stolen goods in a bag, took a cash drawer, and fled the store. *Id.* at 15:20–21:11; ECF 198 at 4. These events were also depicted in security video footage presented at trial. Govt. Exh. 2A.

Acquistapace was an asset protection analyst for Russell Cellular. Tr. at 47:18–21. She testified that Russell Cellular is "an authorized Verizon retailer[,]" *id.* at 47:24, whose assets included inventories of cellular telephones and related items, *id.* at 48:9–12. Russell Cellular stores generally stored their inventory in a safe. *Id.* at 55:8–12. Acquistapace further testified that she worked in Missouri and, from her office in Missouri, would observe security camera footage captured at Russell Cellular stores located across the country. *Id.* at 49:4–10, 65:6. Acquistapace accessed security camera footage captured during the robbery in Halethorpe, Maryland, reviewed it, compiled a list of inventory stolen in the robbery, and sent the footage and list of stolen inventory to law enforcement for investigation. *Id.* at 52:19–53:23, 54:5–12, 56:9–16, 64:17–24; Govt. Exhs. 2A, 3, 4. The stolen inventory included Apple iPhones and other electronic devices, which totaled approximately $27,940 in value, and stolen cash totaled approximately $1,313. Tr. at 60:8–61:1; Govt. Exh. 4 (ECF 203-1).

In sum, the testimony of Acquistapace and Townes and exhibits presented during their testimony were sufficient to establish that Russell Cellular was a commercial enterprise operating in Maryland and at least one other state, Missouri. The foregoing evidence also established that Russell Cellular's assets were depleted through the robbery on December 17, 2020, and was therefore sufficient to show an effect on interstate commerce. *See Tillery*, 702 F.3d at 174 ("A

robbery has a 'minimal effect' on interstate commerce when it depletes the assets of an 'inherently economic enterprise.'").

The trial evidence was also sufficient to support the commerce element as to the robbery of the AT&T Store on December 23, 2020. This evidence included the testimony of two employees, Wesley Bentzel and Taiwo Lawson, and various exhibits. Lawson was an employee of the store in Owings Mills; he was responsible for making sales of phones and other merchandise in the store and taking inventory. Tr. at 66:22–68:2. Lawson was working at the time of the robbery and testified that three individuals robbed the store at gunpoint, took phones from the store's inventory, put them in a bag, and fled. *Id.* at 76:20–79:23. These events were also depicted in security video footage presented at trial. Govt. Exh. 7A.

At the time of the robbery, Bentzel was a district manager of the Wireless Experience, an authorized retailer of AT&T products, including phones, accessories, and other electronic items. Tr. at 90:22–15. Bentzel managed multiple retail stores in Maryland, including the store in Owings Mills that was robbed. *Id.* at 91:21–24, 93:24–94:2. After the robbery, he prepared lists of stolen inventory—including several models of various serialized electronic devices and other non-serialized accessories—and accounted for cash stolen during the robbery. *Id.* at 95:6 – 98:25; Govt. Exhs. 8A, 8B. The total value of stolen serialized items was more than $47,000; the total value of stolen non-serialized items was approximately $2,626; and stolen cash totaled approximately $174. Tr. at 97:3–10, 98:10–25. Among the stolen serialized electronic devices were various models of Apple iPhone and Samsung devices. *Id.* at 96:22–97:2; Govt. Exh. 8A (ECF 203-2).

At trial, the government also presented an Apple iPhone possessed and used by Herring and a phone used by an accomplice, both of which bear inscriptions indicating that they were manufactured in China. Govt. Exhs. 15-E, 15-V, 29; ECF 203 at 9–10; ECF 203-8. *See also* Fed.

7

R. Evid. 902(7) ("An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control" is self-authenticating).

In sum, the testimony of Bentzel and Lawson and several exhibits presented at trial were sufficient to establish that the AT&T store was a commercial enterprise whose assets were depleted through the robbery on December 17, 2020, and was therefore sufficient to show an effect on commerce. In totality, the trial evidence also suffices to establish that the AT&T store sold items of merchandise that traveled to Maryland in commerce. The commerce element was therefore satisfied as to the robbery on December 23, 2020. *See Taylor*, 754 F.3d at 222.

The Court concludes that the jury's guilty verdicts were supported by substantial evidence. A reasonable juror could accept the trial evidence as adequate to show that each robbery had at least a "minimal effect" on interstate commerce. *See Tillery*, 702 F.3d at 174. "[S]uch an effect was the natural, probable consequence of the defendant's actions[,]" as established at trial. *Taylor*, 754 F.3d at 222. Therefore, a judgment of acquittal is unjustified, and the interest of justice does not call for a new trial. The jury's verdicts will not be disturbed.

### IV.   CONCLUSION

For the foregoing reasons, defendant Donte Antwaun Herring's Motion for Judgement of Acquittal Pursuant to Rule 29 and for a New Trial Pursuant to Rule 33 (ECF 193) and Supplemental Motion for Judgement of Acquittal Pursuant to Rule 29 and for a New Trial Pursuant to Rule 33 (ECF 198) are DENIED.

It is so ORDERED this   23rd   day of July, 2024.

_____/S/_____<br>
Matthew J. Maddox<br>
United States District Judge